IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-03199-FL

| | | |
|---|---|---|
| MOSES LEON FAISON, DAVID LEE SMITH, THOMAS FRANKLIN CROSS, JR., JABAR BALLARD, and FREDERICK ALLEN NOBLE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER AND MEMORANDUM AND RECOMMENDATION |
| v. | ) ) | |
| STATE OF NORTH CAROLINA, QUENTIN T. SUMNER, and DONALD W. OVERBY, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court for review of Plaintiffs' complaint pursuant to 28 U.S.C. § 1915A and on referral of the Motion for Temporary Restraining Order [DE-4], Motion to Amend Motion for Temporary Restraining Order [DE-14], and Application for Prospective Injunctive Relief [DE-19] filed by David Lee Smith; Motion to Amend Complaint [DE-7], Motion to Withdraw Motion to Amend Complaint [DE-16], Motion for Temporary Injunction [DE-10], and Application for Prospective Injunctive Relief [DE-21] filed by Moses Leon Faison; Motion for Temporary Injunction [DE-8], Motion to Amend Motion for Temporary Injunction [DE-18], and Application for Prospective Injunctive Relief [DE-20] filed by Thomas Franklin Cross, Jr.; and Motion for Temporary Injunction [DE-9] filed by Frederick Allen Noble. The parties have not consented to jurisdiction of the magistrate judge; therefore, the § 1915A review and motions for injunctive relief are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(A) & (B); *see also* Local Civil Rule 72.3(c).

For the reasons set forth below, the Motion to Withdraw Motion to Amend Complaint [DE-

16] is granted, the Motion to Amend Motion for Temporary Restraining Order [DE-14] and Motion to Amend Complaint [DE-7] are denied as moot, and it is recommended Plaintiffs Jabar Ballard and David Lee Smith be dismissed, the complaint be dismissed for failure to state a claim, and all remaining motions be denied as moot.

## I. BACKGROUND

Plaintiffs Moses Leon Faison, David Lee Smith, Thomas Franklin Cross, Jr., Frederick Allen Noble, and Jabar Ballard ("Plaintiffs"), all inmates in the custody of the State of North Carolina, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against Defendants the State of North Carolina, Quentin T. Sumner, and Donald W. Overby ("Defendants"), alleging that Defendants denied Plaintiffs access to the courts when the North Carolina Innocence Inquiry Commission ("Innocence Commission") allegedly summarily denied Plaintiffs' claims without a right of appeal, pursuant to North Carolina General Statute §§ 15A-1467 and 15A-1470. [DE-1]. Plaintiff Faison filed a supplemental brief in support of the complaint, which alleges that North Carolina General Statute §§ 15A-1468 and 15A-1469 also "obstruct the process of colorable innocence claims." [DE-23]. Plaintiffs seeks "repeal and dissolution" of North Carolina General Statute §§ 15A-1467, 15A-1468, 15A-1469, and 15A-1470.

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiffs' complaint under the PLRA, the court must identify "cognizable

2

claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiffs are proceeding *pro se* and pleadings drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Dismissal of Plaintiffs Jabar Ballard and David Lee Smith

##### 1. Plaintiff Jabar Ballard

To proceed in federal court, a plaintiff must pay the appropriate filing fee or submit an application to proceed without prepayment of fees. *See* 28 U.S.C. §§ 1914(a), 1915(a). On August 20, 2013, the undersigned directed Ballard to pay a portion of the filing fee or complete an application to proceed without prepayment of fees and warned that a failure to do so may result in the dismissal of his action. [DE-3]. Plaintiff Ballard has failed to respond to the court's order. Accordingly, it is recommended that Plaintiff Ballard be dismissed from this action without prejudice for failure to pay the requisite filing fee or submit an application to proceed without prepayment of fees, in addition to the grounds stated below, *see infra* section III.B.

4

### 2.     Plaintiff David Lee Smith

The PLRA allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. *See Altizer v. Deeds*, 191 F.3d 540, 544-45 (4th Cir. 1999).

More than three previous cases filed by Plaintiff Smith have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Smith v. State of North Carolina*, No. 5:00-CT-843-BO (E.D.N.C., dismissed Jan. 16, 2001); *Smith v. State of North Carolina*, No. 5:01-CT-33-BR (E.D.N.C., dismissed Feb. 28, 2001); *Smith v. County of Wake*, No. 5:03-CT-561-BO (E.D.N.C., dismissed Sept. 5, 2003); *Smith v. State of North Carolina*, No. 5:03-CT-611-BO (E.D.N.C., dismissed Sept. 5, 2003); *Smith v. State of North Carolina*, No. 5:03-CT-688-BO (E.D.N.C., dismissed Sept. 23, 2003). Additionally, this court previously has dismissed other actions filed by Plaintiff Smith pursuant to the three strikes provision. *See, e.g.*, *Smith v. State of North Carolina*, No. 5:06-CT-3010-FL (E.D.N.C., dismissed Mar. 20, 2006). Furthermore, after a full review of the complaint, the court finds that Plaintiff Smith is not under imminent danger of serious physical injury. Accordingly, he may not proceed as a pauper in this action, and Plaintiff Smith's action is barred pursuant to 28 U.S.C. § 1915(g). *See Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). Thus, it is recommended that Plaintiff Smith be dismissed from this action pursuant to the PLRA's three strikes provision, in addition to the grounds stated below, *see infra* section III.B, and Plaintiff Smith's Motion for Temporary Restraining Order

[DE-4] and Application for Prospective Injunctive Relief [DE-19] be denied as moot. Further, Plaintiff Smith's Motion to Amend Motion for Temporary Restraining Order [DE-14] is denied as moot.

### B. Complaint Fails to Allege a Deprivation of a Right Under the United States Constitution or Federal Statute

Section 1983 imposes liability for the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1996). It appears Plaintiffs' are asserting an unconstitutional denial of access to the courts. *See, e.g.*, Compl. § IV; App. for Temp. Injunction [DE-4, 8]. However, the case upon which Plaintiffs' rely, *Johnson v. Avery*, 393 U.S. 483 (1969), recognizes the fundamental right of access to courts by prisoners pursuing post-conviction habeas corpus relief. 393 U.S. 485-86. Here, Plaintiffs' complaints relate not to habeas relief, but to claims filed with the North Carolina Innocence Commission. Accordingly, *Johnson* is inapposite. Furthermore, there appears to be no authority upon which to find a constitutional right to judicial review of a decision by the Innocence Commission. Accordingly, Plaintiffs have failed to state a claim under § 1983 based on a denial of access to the courts.

To the extent Plaintiffs' complaint could be read to assert a deprivation of the right to due process, as secured by the Fourteenth Amendment, *see, e.g.*, App. for Temp. Restraining Order [DE-4] at 2, Plaintiffs' claim also fails. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural

6

protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see* U.S. Const. amend. XIV, § 1; *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1466 (4th Cir. 1990) ("The Due Process Clause regulates the manner in which a state deprives its citizens of interests in life, liberty, and property."). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' *see, e.g.*, *Vitek v. Jones*, 445 U.S. 480, 493-494, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution), or it may arise from an expectation or interest created by state laws or policies, *see, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 556-558, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)." *Id.* In determining whether due process protections apply, courts "must look not to the 'weight' but to the nature of the interest at stake." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972)). Thus, "to obtain a protectible right 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Id.* (quoting *Roth*, 408 U.S. at 577).

While Plaintiffs do not expressly state, it appears they seek to invoke due process in protection of their liberty interest. Yet, Plaintiffs' constitutionally guaranteed right to liberty has been extinguished by their convictions. *See id.* ("The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined. But the conviction, with all its procedural safeguards, has extinguished that liberty right: '[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.'") (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Accordingly, if Plaintiffs possess a protectible liberty interest, its genesis is not

7

in the Constitution, but rather in the statutory language governing the Innocence Commission.

"States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Board of Pardons v. Allen*, 482 U.S. 369 (1987)). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see, e.g.*, *Vitek*, 445 U.S., at 493, 100 S. Ct., at 1263-1264 (transfer to mental hospital), and *Washington*, 494 U.S., at 221-222, 110 S. Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. "A state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463-64 (1981) (citing *Meachum*, 427 U.S. at 226; *Wolff*, 418 U.S. at 557). "Plainly, however, the underlying right must have come into existence before it can trigger due process protection." *Id.* (citing *Leis v. Flynt*, 439 U.S. 438, 442-443 (1979)).

The Innocence Commission was established in 2006 as "an extraordinary procedure to investigate and determine credible claims of factual innocence . . . ." N.C. Gen. Stat. § 15A-1461. The term "claim of factual innocence" is defined in the law as "a claim . . . asserting the complete innocence of any criminal responsibility for the felony for which the person was convicted and for any other reduced level of criminal responsibility relating to the crime, and for which there is some credible, verifiable evidence of innocence that has not previously been presented at trial or considered at a hearing granted through postconviction relief." *Id.* § 15A-1560(1). Submission of claims to the Innocence Commission is permissive, and the Innocence Commission has total

8

discretion to "informally screen and dismiss a case summarily at its discretion." *Id.* § 15A-1467(a). "If the Commission concludes there is sufficient evidence of factual innocence to merit judicial review, the Chair of the Commission shall request the Chief Justice to appoint a three-judge panel . . . to convene a special session of the superior court of the original jurisdiction to hear evidence relevant to the Commission's recommendation." *Id.* § 15A-1469(a). The decisions of both the Commission and the three-judge panel are final and not subject to review. *Id.* § 15A-1470(a).

While there is no case law on point regarding whether North Carolina, in creating the Innocence Commission, created a liberty interest invoking due process, it is clear from other case law that no such liberty interest exists. The Fourth Circuit has held that "discretionary statutory 'rights' do not create liberty or property interests protected by the Due Process Clause." *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir. 2002); *see also Parran v. Hopkins*, 873 F.2d 1440 (4th Cir. 1989) (finding no liberty interest under state law where "the statutory language allows discretion to the commissioner of the DOC, *see* Md. Ann. Code, art. 31B § 8(a), and the Maryland Court of Appeals has interpreted the statute to be wholly discretionary with the commissioner.") (citing *Wolff*). Here, the Innocence Commission has absolute discretion to "informally screen and dismiss a case summarily." N.C. Gen. Stat. § 15A-1467(a). Additionally, the Supreme Court has declined to find a liberty interest in cases such as this where the decision maker retains broad discretion under the statute and "[t]here is thus no substantive expectation of [relief]." *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 282-83 (1998) (finding no liberty interest in a clemency proceeding); *see also Dumschat*, 452 U.S. at 467 (holding that the power vested in the Connecticut Board of Pardons to commute sentences conferred no rights on respondents beyond the right to seek commutation). Furthermore, the denial of a claim by the Innocence Commission does not "impose[] atypical and

9

Case 5:13-ct-03199-FL Document 25 Filed 10/07/13 Page 9 of 10

significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*, 515 U.S. at 484, and "merely means that the inmate must serve the sentence originally imposed." *Woodard*, 523 U.S. at 283.

Accordingly, Plaintiffs have failed to identify an interest to which due process applies and, thus, have failed to state a colorable constitutional claim under 42 U.S.C. §1983. Therefore, it is recommended that the complaint be dismissed for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, the Motion to Withdraw Motion to Amend Complaint [DE-16] is GRANTED, the Motion to Amend Motion for Temporary Restraining Order [DE-14] and Motion to Amend Complaint [DE-7] are DENIED AS MOOT, and it is RECOMMENDED that Plaintiffs' complaint be DISMISSED for failure to state a claim and that the remaining motions be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 7 day of October 2013.

Robert B. Jones, Jr.
United States Magistrate Judge