IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3199-FL

| | |
|---|---|
| MOSES LEON FAISON, DAVID LEE SMITH, THOMAS FRANKLIN CROSS, JR, JABAR BALLARD, and FREDERICK ALLEN NOBLE,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE STATE OF NORTH CAROLINA, QUENTIN T. SUMNER, and DONALD W. OVERBY,<br><br>        Defendants. | ORDER |

Plaintiffs Moses Leon Faison ("Faison"), David Lee Smith ("Smith"), Thomas Franklin Cross, Jr. ("Cross"), Jabar Ballard ("Ballard"), and Frederick Allen Noble ("Noble")[1] filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on the motion for temporary restraining order (DE 4), application for prospective injunctive relief (DE 19), and motion for release pending appeal (DE 39) filed by plaintiff Smith; motion for temporary injunction (DE 10), and application for prospective injunctive relief (DE 21) filed by plaintiff Faison; the motion for temporary injunction (DE 8), motion to amend motion for temporary restraining order (DE 18), and application for prospective injunctive relief (DE 20) filed by plaintiff Cross; and the motion for temporary injunction (DE 9) and motion to proceed without the prepayment of fees (DE 11) filed

---

[1] The North Carolina Department of Public Safety informed the court that Noble is deceased. See (DE 31).

by Noble. The matter also is before the court for frivolity review pursuant to 28 U.S.C. § 1915A. Finally, the matter is before the court on the memorandum and recommendation ("M&R") (DE 25) of Magistrate Judge Robert B. Jones, Jr. pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that plaintiffs Ballard and Smith be dismissed from this action without prejudice, that the complaint as to the remaining plaintiffs be dismissed for failure to state a claim, and that all the remaining motions be denied as moot. Faison, Cross, and Smith objected to the magistrate judge's M&R. For the reasons that follow, the court adopts the findings of the magistrate judge.[2]

**BACKGROUND**

Plaintiffs, state inmates, filed this action pursuant to § 1983, alleging that defendants denied them access to the courts when the North Carolina Innocence Inquiry Commission allegedly summarily denied their respective claims without a right of appeal, pursuant to N.C. Gen. Stat. §§ 15A-1467 and 15A-1470. Plaintiff Faison filed a supplemental brief in support of the complaint, which alleges that N.C. Gen. Stat. §§ 15A-1468 and 15A-1469 also "obstruct the process of colorable innocence claims." (DE 23, p. 1.) As relief, plaintiffs sought "repeal and dissolution" of N.C. Gen. Stat. §§ 15A-1467, 15A-1468, 15A-1469, and 15A-1470. Id.

The magistrate judge recommends dismissing the complaint, without prejudice, as to plaintiff Ballard because Ballard failed to respond to the magistrate judge's August 20, 2013, order directing him to pay a portion of the filing fee or complete an application to proceed without the prepayment of fees. The magistrate judge also recommends that the court dismiss without prejudice the

---

[2] The court notes that the magistrate judge granted Faison's motion to withdraw motion to amend complaint (DE 16) and denied as moot Faison's motion to amend complaint (DE 7) and Smith's motion to amend motion for temporary restraining order (DE 14). Because the magistrate judge ruled upon these motions, they are not a part of his recommendation. Faison does not object to the magistrate judge's ruling on his motions (DE 7, 16). To the extent Smith objects to the magistrate judge's ruling on his motion to amend motion for temporary restraining order (DE 14), the objection is overruled.

complaint as to plaintiff Smith pursuant to the Prison Litigation Reform Act's three strikes provision, 28 U.S.C. § 1915(g). Finally, the magistrate judge recommends that the complaint as to the remaining plaintiffs be dismissed for failure to state a claim, and that the remaining pending motions be denied as moot. Faison and Cross timely objected to the magistrate judge's M&R, and Smith filed an untimely objection.

## DISCUSSION

A.   Standard of Review

When a prisoner seeks relief in a civil action from a governmental entity or officer or employee of a governmental entity, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1).

First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.     Analysis

Upon *de novo* review,[3] the court finds that plaintiffs' objections provide no reason to disturb the analysis in the M&R. Plaintiffs' objections to the M&R merely make conclusory allegations that the magistrate judge's determination was incorrect. Further, each plaintiff's objections re-state their respective grounds for their actual innocence claims. Plaintiffs do not set forth any argument refuting the magistrate judge's analysis rejecting their contention that N.C. Gen. Stat. §§ 15A-1467, 15A-1468, 15A-1469, and 15A-1470 interferes with their access to courts or violates their due process rights. For this reason, the court adopts the recommendation of the magistrate judge and finds that the complaint fails to state a claim upon which relief may be granted. See Orpiano, 687 F.2d at 47.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R (DE 25) to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge. The court DISMISSES Smith and Ballard from this action without prejudice.

---

[3] The court notes that the court need only review Smith's untimely objection to the M&R for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005), certiorari denied, 546 U.S. 1091 (2006).

The court further DISMISSES the action as to the remaining plaintiffs for failure to state a claim upon which relief may be granted, and the pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

      SO ORDERED, this 3rd day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge